# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51135
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

AGUSTIN BUSTOS-CASTANEDA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-1022

Before DAVIS, CLEMENT, and HAYNES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant, Augustin Bustos-Castaneda ("Appellant"), appeals his 57 month sentence for illegal reentry. Although the district court erred in calculating Appellant's sentence, the court's error does not affect Appellant's substantial rights. Thus, we affirm the district court's judgment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51135

## I. BACKGROUND

Appellant pleaded guilty to illegal reentry. The PSR calculated a guidelines range of 57 to 71 months of imprisonment based on an offense level of 21 and Criminal History Category of IV. Included in the calculation of Appellant's Criminal History Category was three points for an eight-month sentence imposed in 2002 for a conviction for possession of a controlled substance. Appellant did not object to the calculation of the guidelines range.

At the beginning of the sentencing hearing, Appellant sought a variance from the district court. In denying Appellant's request for a variance, the district court stated, "There will be no variance. The guideline range is reasonable." The district court sentenced Appellant to 57 months of imprisonment and three years of supervised release.

On appeal, both Appellant and the Government agree that the district court clearly erred by assessing criminal history points for a sentence that was imposed more than ten years before the instant 2014 offense. We agree that the district court clearly erred in considering the 2002 conviction in calculating Appellant's Criminal History Category.[1] The issue before this Court is whether the district court's error affected Appellant's substantial rights.

## II. DISCUSSION

Appellant did not object to the calculation of his criminal history in the district court; therefore, we review the district court's inclusion of the 2002 sentence for plain error.[2] To show plain error, Appellant must show that the error was clear or obvious and that it affects his substantial rights.[3] If he makes such a showing, this Court has the discretion to correct the error but

---

[1] *See* U.S.S.G. § 4A1.2(e)(2).

[2] *See United States v. Pratt*, 728 F.3d 463, 481 (5th Cir. 2013).

[3] *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

2

only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"[4]

To show that the error affects his substantial rights, Appellant must show "there is a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence."[5] Without the error, Appellant's criminal history score is six and his Criminal History Category is III.[6]  Combined with his offense level of 21, his correct guidelines range of imprisonment is 46 to 57 months instead of 57 to 71 months.  The district court imposed a prison sentence of 57 months, which is at the bottom of the Guidelines range applied by the court and at the top of the properly calculated range.  When, as in this case, "the correct and incorrect ranges overlap and the defendant is sentenced within the overlap, [this court does] not assume, in the absence of additional evidence, that the sentence affects a defendant's substantial rights."[7]  Thus, because Appellant's sentence fell within both the correct and incorrect Guidelines range, Appellant acknowledges that our controlling caselaw "obliges him to point to 'additional evidence' in the record, other than the difference in ranges, to show an effect on his substantial rights."[8]  "Record evidence that the Guidelines range was a 'primary factor' in sentencing may be sufficient 'additional evidence.'"[9]

We conclude that Appellant has not pointed to sufficient additional evidence in the record to establish that the district court would have likely

---

[4] *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

[5] *Id.* (internal quotation marks and citation omitted).

[6] *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table).

[7] *Pratt*, 728 F.3d at 481-82 (internal quotation marks and citations omitted).

[8] *United States v. Molina-Martinez*, 588 F. App'x 333, 335 (5th Cir. 2014), *petition for cert. filed* (Mar. 16, 2015)(No. 14-8913).

[9] *See id.* (citing *Pratt*, 728 F.3d at 481-82).

sentenced Appellant to a lower term of imprisonment had it applied the correct Guidelines range. The district court made no explicit statement suggesting that the incorrect Guidelines range was a primary factor in sentencing.[10] Nor did the court indicate that it was sentencing Appellant to a particular section of the Guidelines range.[11] Instead, the court only stated that the incorrect range was "reasonable." This statement is insufficient for us to say that there is a reasonable probability that Appellant would have received a lesser sentence.[12] Accordingly, Appellant has not pointed to sufficient additional evidence that his sentence under the correct Guidelines range would be reduced. Because Appellant has not shown how his substantial rights were effected, he has not established plain error warranting reversal by this Court. The judgment of the district court is AFFIRMED.

---

[10] *See Pratt*, 728 F.3d at 482 ("The district court also stated on the record that it was choosing a sentence within the middle of the Guidelines range as the appropriate sentence, indicating that the Guidelines range calculated by the district court was a primary factor in the selection of the . . . sentence.").

[11] *See id.*

[12] *Molina-Martinez*, 558 F. App'x at 335 ("The mere fact that the court sentenced [Appellant] to a low-end sentence is insufficient on its own to show that [Appellant] would have received a similar low-end sentence had the district court used the correct Guidelines range.").